In the Matter of the Claim of LEONARD K. ARKIN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, September 19, 1974.

*Leonard K. Arkin,* appellant *pro se.*

*Louis J. Lefkowitz, Attorney-General (Rochelle M. Baron, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

COOKE, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed January 11, 1974, which reversed a referee's decision and held that claimant was ineligible to receive benefits effective July 9 through July 22, 1973 on the ground that he was not available for employment.

Claimant, a wire lather, was a member of the wire lathers' union. When his employment ended, he sought work through the union hiring halls in Brooklyn and New York City, to no avail. He was informed that there were no immediate prospects for employment in the vicinity. In claimant's line of work, employment is obtained solely through union hiring halls. A business agent advised claimant to travel but did not specify any particular place. Claimant decided to seek work in St. Louis, Missouri, where he had worked previously in 1972. Claimant remained in St. Louis for two weeks reporting to the hiring hall every day but was unsuccessful in obtaining employment. His availability for employment during this period is in issue.

The board concluded that by going to St. Louis without any definite prospects of employment and by apparently failing to keep in touch with his New York hiring hall, claimant made himself unavailable for employment. Aside from the fact that there is no evidence in the record to support the finding that claimant did not keep in touch with the local hiring hall,* the board's conclusion is legally erroneous. This is not a case where a claimant removes himself to an area of "high persistent unemployment" (compare *Matter of Patino* [*Catherwood*], 29 N Y 2d 331). Rather, claimant left an area where he had no imminent prospects of employment and actively sought employment in an area where, rightly or wrongly, he believed his search would be more fruitful. The fact that his efforts ultimately proved unsuccessful is no reason to penalize him for his initiative, particularly since had he remained in New York, in all likelihood, he would have continued to receive unemployment insurance benefits. Under all the circumstances present here, a denial of benefits solely on the ground that claimant sought employment in another area not characterized by "high persistent unemployment" and where he was ready, willing and able to work, may unjustifiably infringe upon claimant's constitutional right to travel (see *Matter of Patino* [*Catherwod*], *supra*).

The decision should be reversed, without costs, and the matter remitted for further proceedings.

HERLIHY, P. J., KANE, MAIN and REYNOLDS, JJ., concur.

Decision reversed, without costs, and matter remitted for further proceedings.

---

* The record contains a letter from claimant to the board wherein he states that during his absence he kept in touch with the local hiring hall through his wife and thus had a job waiting for him upon his return to New York.